UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|    Aron Guttin | : | Chapter 13 |
| | : | |
| | : | |
| Debtor | : | Case No.: 17-17469-MDC |

## MOTION TO EXTEND AUTOMATIC STAY

The Debtor hereby moves this Court, pursuant to 11 U.S.C. § 362(c), for an Order extending the Automatic Stay provided under Section 362(a) as to all creditors. In support of this motion, Debtor states as follows:

1. Aron Guttin, hereinafter referred to as "Debtor," previous to the instant matter filed a petition under Chapter 13 Bankruptcy on or about June 30th, 2016.

2. The prior Bankruptcy case was numbered 16-14640-MDC.

3. On or about July 20th, 2017, Debtor's case was dismissed by a Motion to Dismiss Bankruptcy case filed by the Chapter 13 Trustee.

4. The reason was for an unreasonable delay by the Debtor that was prejudicial to the creditors.

5. Notwithstanding that, the Debtor has experienced a substantial change in his personal and financial circumstances since the dismissal of his prior Bankruptcy case that will allow him to organize his personal and financial responsibilities in this case.

6. The reason in part for the Debtor failing to maintain his financial responsibilities was due to ongoing health issues with his kidneys.

7. Thankfully in this case the Debtor's health issues are much more stable, which will allow him to put more attention towards successfully completing his bankruptcy.

8. The Debtor has also experienced an increase in income which will allow him to remain current on his monthly payments, and confirm a Chapter 13 Plan.

9. The Debtor is a physician and has been given a raise at his place of employment.

10. Additionally, the Debtor has sought assistance from a financial planner who will aid in the successful organization of the Debtor's finances and help to keep him current on his obligation.

11. The Debtor has also dramatically cut down on his monthly entertainment expenses like tv and internet, in an effort to remain current on his mortgage, condo fees and plan payments in this case.

12. Lastly, the Debtor is desirous of instituting a direct payment through the Trustee's TFS system to help ensure this case is successful.

13. This increase in stability and financial support represents a substantial change in circumstances that will enable the Debtor to successfully reorganize in this case.

WHEREFORE, the Debtor requests that this Court extend the automatic stay under Section 362(a) as to all creditors for the duration of this Chapter 13 proceeding, or until such time that the stay is terminated under Section 362(c)(1) or (c)(2), or a motion for relief is granted under Section 362(d).

Dated: November 7, 2017

/s/Brad J. Sadek, Esq
Brad J. Sadek, Esq.
Attorney for Debtor
1315 Walnut Street, #502
Philadelphia, PA 19107
215-545-0008