# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| ARON GUTTIN | : | NO. 17-17469 MDC |

### RIVER'S BEND III CONDOMINIUM ASSOCIATION'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. §362(d)

**COMES NOW,** River's Bend III Condominium Association (the "Association"), by and through its attorneys, Steven L. Sugarman & Associates, and moves this Honorable Court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. §362(d), and in support thereof, states as follows:

1. The Association is a non-profit corporation organized and existing under and pursuant to that certain Declaration of Condominium for River's Bend III, dated May 7, 1987, and recorded in the Office for the Recording of Deeds in and for Philadelphia County on May 8, 1987 in Deed Book FHS 776, Page 445 *et seq.*, and all amendments thereto (collectively, the "Declaration"), and the Pennsylvania Uniform Condominium Act, 68 Pa. C.S. §3101 *et seq.* (the "UCA").

2. The Debtor, Aron Guttin (the "Debtor"), is an adult individual who resides and receives mail at 9584 B State Road, Philadelphia, Pennsylvania 19114 (the "Unit").

3. The Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "Code"), on June 30, 2016.

4. Upon the filing the Petition, an Order for relief was entered in favor of the Debtor.

5. The Debtor field a previous Petition under Chapter 13 of the Code on June 30, 2016 at Case No. 16-14640 MDC, which Petition was dismissed by Order dated August 8, 2017.

6. The Debtor is the owner of the Unit, which is located within River's Bend III Condominium.

7. As a consequence, the Unit and the Debtor are subject to the provisions of the Declaration, the Association's Bylaws, Rules and Regulations, as well as the provisions of the UCA.

8. Pursuant to Section 13 of the Declaration:

> All present and future owners, lessees, occupants and mortgagees of Units shall be subject to and shall comply with the provisions of the Act, this Declaration, the Declaration Plan, the Bylaws and the Rules governing the details of the use and operation of the Property and the use of the Common Elements duly adopted pursuant thereto, as they may be amended from time to time....The acceptance of a deed or conveyance or mortgage, or the entering into a lease or the entering into occupancy of any Unit shall constitute an Agreement that the provisions of the Act, this Declaration, the Declaration Plan, the Bylaws, the Rules and the covenants, conditions and restrictions set forth in the Deed to each Unit, are accepted and ratified by such owner, lessee, mortgagee, or occupant and all of such provisions shall be covenants running with the land and shall bind any person having at any time, interest or estate in such Unit as though such provisions were recited and stipulated at length in each and every deed, conveyance, mortgage or lease thereof.

A true and correct copy of above-referenced Section of the Declaration is attached hereto and incorporated herein as Exhibit "A."

9. Pursuant to Article VI, Section 3 of the Bylaws:

> The Executive Board shall, promptly following the adoption of each annual budget by resolution duly adopted, assess against each Unit the share chargeable to that Unit, on the basis of its Percentage Interest, of the Common Expenses theretofore incurred or the budgeted estimated future Common Expenses so determined....The Unit Owners shall be severally and not jointly liable for the payment of such assessment. Such assessments shall be annual assessments (that is, they shall be for the Common Expenses and Limited Common Expenses anticipated for an entire fiscal year) and shall be payable by the Unit Owners within thirty (30) days from the date on which such resolution is adopted, unless otherwise specified in such resolution, which resolution may allow payment in monthly installments. Assessments and any installments thereof, together with interest thereon at the lower of the rate of 20%

> per annum or the maximum legal rate permitted to be charged therefor from the date which is ten (10) days after the date which payment is due, shall, until fully paid, constitute a charge against such unit....In the event that any installment of any assessment shall be paid due for more than forty-five (45) days, the remaining unpaid balance of such assessment plus interest as aforesaid shall, at the option of the Executive Board, become immediately due and payable in full....

A true and correct copy of above-referenced Section of the Bylaws is attached hereto and incorporated herein as Exhibit "B."

10. Pursuant to Section 3315 of the UCA, the Association holds a lien against the Unit for all unpaid assessments, including late charges, reasonable attorneys' fees and court costs. 68 Pa. C.S. §3315(a).

11. In addition, on August 31, 2015, the Association initiated an action in the Philadelphia Court of Common Pleas and obtained a default Judgment against the Debtor on October 9, 2015 in the amount of $3,737.00. (The docket for the aforesaid case is attached hereto and incorporated herein as Exhibit "C").

12. As a consequence of the Declaration, Section 3315 of the UCA, and the above-described Judgment, the Association holds duly perfected liens against the Unit.

13. Consistent with its obligations under the Declaration and Bylaws, the Association continues to provide "actual and necessary" services and benefits which preserve the value of the Unit for the benefit of the Debtor.

14. Moreover, pursuant to Section 523(a)(16) of the Code, assessments accruing subsequent to the date the above-referenced Petition was filed are not dischargeable.

15. On March 15, 2018, the Association filed a Motion for Relief from the Automatic Stay.

16. The Motion was withdrawn when Debtor made payments and agreed to remit payments for Association assessments.

17. However, notwithstanding his obligations under the Declaration and the Bylaws, the Debtor failed to transmit post-Petition payments to the Association since

-3-

April 2018, resulting in a post-Petition delinquency in the amount of $2,062.00 calculated as follows:

| | |
|---|---|
| Monthly assessments (12/17-4/19) | $2,547.00 |
| Late Fees | $ 375.00 |
| Motion Filing Fee | $ 175.00 |
| Bankruptcy Legal Fees | $ 800.00 |
| Less Payments | ($1,835.00) |
| **Total:** | **$2,062.00** |

18. The Debtor filed a Chapter 13 Plan which failed to account for his obligation to the Association and does not specify that post-petition assessments shall be paid to the Association directly.

19. Section 362(d) of the Code provides, in pertinent part, as follows:

On request of a party in interest after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if -

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

20. On information and belief, the Debtor has equity in the Unit and the Association is fully secured.

21. The Association is entitled to an Order granting it immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, because the Chapter 13 Plan fails to provide adequate protection to the Association for its lien against the Unit.

22. The Association is also entitled to an Order granting it immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, authorizing the

Association to initiate state court proceedings to recover the nondischargeable unpaid post-Petition assessments.

**WHEREFORE,** River's Bend III Condominium Association moves this Honorable Court to enter an Order:

A. Terminating the automatic stay as to River's Bend III Condominium Association with respect to the Unit;

B. Permitting River's Bend III Condominium Association to take such actions and seek such remedies with respect to the Unit as are permitted by state law;

C. Permitting River's Bend III Condominium Association to initiate *in personam* proceedings against the Debtor in state court to recover nondischargeable post-Petition assessments; and

D. Granting such other and further relief as this Honorable Court deems just and proper.

STEVEN L. SUGARMAN & ASSOCIATES

By: /s/ Elliot H. Berton, Esquire
    Steven L. Sugarman, Esquire
    Elliot H. Berton, Esquire
    Attorneys for River's Bend III Condominium Association