UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Aron Guttin,**<br>           Debtor ,<br>**Selene Finance LP,**<br><br>           Movant,<br>v.<br><br>**Aron Guttin,**<br>           Debtor/Respondent,<br>**William C. Miller, Esquire,**<br>           Trustee/Respondent, | **Bankruptcy No. 17-17469-mdc**<br><br>**Chapter 13**<br><br>**Hearing Date: August 25, 2020**<br>**Hearing Time: 10:30 a.m.**<br>**Location: 900 Market Street,**<br>**Philadelphia, PA 19107** |

**MOTION OF SELENE FINANCE LP FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT SELENE FINANCE LP TO FORECLOSE ON 9584 STATE ROAD, UNIT B, PHILADELPHIA, PENNSYLVANIA 19114**

Secured Creditor, Selene Finance LP, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Aron Guttin, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on November 3, 2017.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 24, 2009, Aron Guttin executed and delivered a Promissory Note ("Note") and

Mortgage ("Mortgage") securing payment of the Note in the amount of $126,750.00 to Trident Mortgage Company, LP. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on July 28, 2009 as Document Number 52098005 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 9584 State Road, Unit B, Philadelphia, Pennsylvania 19114, ("the Property").

6. The loan was lastly assigned to Selene Finance LP and same was recorded with the Philadelphia County Recorder of Deeds on April 29, 2019, as Instrument Number 53505384. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

7. Based upon the Debtor(s)' Chapter 13 First Amended Plan (Docket No. 54), the property is treated outside the plan and Secured Creditor will receive payments directly from the Debtor. A true and correct copy of the Chapter 13 First Amended Plan is attached hereto as Exhibit "D."

8. Debtor has failed to make the monthly post-petition payments of principal, interest, and escrow in the amount of $927.79 which came due on April 1, 2020, May 1, 2020, June 1, 2020, and July 1, 2020, respectively.

9. Thus, after deducting Debtor's suspense balance of $12.62, Debtor(s)' post-petition arrearage totaled the sum of $3,698.54 through July 1, 2020. A true and correct copy of the post-petition default is attached hereto as Exhibit "E."

10. The current unpaid principal balance due under the loan documents is approximately

$114,025.81. The Property is most recently valued at $143,700.00 by the Philadelphia County Tax Assessor's Office. A true and correct copy of the Philadelphia County Tax Assessment is attached hereto as Exhibit "F." Movant's total claim amount, itemized below, is approximately $155,959.28. A true and correct copy of the total payoff is attached hereto as Exhibit "G."

| | |
|---|---|
| Principal Balance | $114,025.81 |
| Delinquent Interest | $27,755.29 |
| Escrow Advance | $15,950.98 |
| Corporate Advance Balance | $115.00 |
| Pending Hazard | $479.00 |
| Recording Fee | $220.00 |
| Suspense Balance | $2,586.80 |
| Total Debt | $155,959.28 |

11. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

12. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments.

13. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

14. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to

insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Selene Finance LP to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: July 29, 2020

**Robertson, Anschutz, Schneid & Crane LLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@rascrane.com